SEYFARTH SHAW LLP
Carrie P. Price (SBN 292161)
cprice@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-7056

Edward F. Maluf*
emaluf@seyfarth.com
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 218-5500
Facsimile: (212) 218-5526

Lauren M. Gregory* (GA SBN 729061)
lgregory@seyfarth.com
1075 Peachtree Street, N.E., Suite 2500
Atlanta, GA 30309-3958
Telephone: (404) 885-1500
Facsimile: (404) 892-7056

*Applying for admission pro hac vice

Attorneys for Plaintiff
MAGIC LEAP, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAGIC LEAP, INC., <br><br> Plaintiff, <br><br> v. <br><br> TUSA TUC a/k/a TARAS YANCHUK, <br><br> Defendant. | Case No. <br><br> **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |

Plaintiff Magic Leap, Inc. ("Magic Leap"), by and through its counsel, Seyfarth Shaw LLP, for its Complaint against Defendant Tusa Tuc, a/k/a Taras Yanchuk ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under the copyright laws of the United States, 17 U.S.C. §§ 101, *et seq.*, stemming from Defendant's unauthorized reproduction, use, publication, and distribution of a video created and owned by Magic Leap, the copyright for which is registered with the United States Copyright Office.

## THE PARTIES

2. Magic Leap is a corporation of the State of Delaware that maintains its principal place of business at 1855 Griffin Road, Suite B454, Dania Beach, Florida 33004.

3. Upon information and belief, Defendant has various aliases, including Tusa Tuc and Taras Yanchuk. Upon further information and belief, Defendant's email address is tusa.tuc.temp@gmail.com. This information is deemed reliable insofar as it was obtained by virtue of Defendant's communications with YouTube, LLC ("YouTube"), in connection with Defendant's infringing activities.

4. According to Defendant's communications with YouTube, Defendant claims to reside at Av. Maipu 547 Ushuaia, Tierra del Fuego, Argentina, and has a telephone number of 02901-42-1117. Upon further information and belief, this information is false and unreliable because it is intended by Defendant to avoid anyone physically locating him or ascertaining his actual identity.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as this action arises under the copyright laws of the United States, 17 U.S.C. §§ 101, *et seq*.

6. This Court has personal jurisdiction over Defendant because Defendant, without authorization from Magic Leap, reproduced, used, published, and distributed over the Internet a copyrighted work in which Magic Leap has exclusive rights. Defendant's unlawful publication is accessible in every jurisdiction in the United States.

7. This Court also has personal jurisdiction over Defendant because Defendant used an online video sharing service located in this Judicial District, *i.e.,* YouTube, a Delaware limited liability company with a principal place of business in San Bruno, San Mateo County, California and a registered

COMPLAINT FOR COPYRIGHT INFRINGEMENT

36688418v.1

1  business address in Mountain View, Santa Clara County, to carry out the unlawful publication and
2  distribution of Magic Leap's copyrighted work. Defendant contracted with YouTube for the purpose of
3  gaining access to YouTube's services.

4      8.    This Court also has personal jurisdiction over Defendant because it filed a counter-
5  notification with YouTube challenging the validity of Magic Leap's rights, thus purposefully availing
6  himself of the protections of 17 U.S.C. § 512(g)(3) in this Court.

7      9.    Venue is proper in this Judicial District under 28 U.S.C. § 1391(c)(3) because Defendant
8  is not a resident of the United States and thus may be sued in any judicial district, and also because
9  Defendant has acknowledged that venue is proper in this Court in its counter-notification with YouTube
10 challenging the validity of Magic Leap's rights pursuant to 17 U.S.C. § 512(g)(3)(D).

## COMMON ALLEGATIONS

12     10.    Magic Leap is a technology company that creates "augmented reality" by projecting
13 virtual images in the real world. Magic Leap's proprietary platform has not yet been released publicly,
14 but the company has created videos depicting its product and has published these videos on the video
15 sharing site YouTube as well as on its website located at www.magicleap.com (the "Magic Leap
16 Website"). Viewers across the country access these videos on a daily basis through the Magic Leap
17 Website.

18     11.    One of Magic Leap's videos, which is displayed on the home page of the Magic Leap
19 Website, begins with an image of children seated on bleachers in a school gymnasium. Before the
20 children's eyes, a three-dimensional image of a whale surfaces from the gymnasium floor as if leaping
21 out of the ocean, and virtual water splashes around the whale as it leaps into the air and back down into
22 the floor (the "Whale Video"). A screen shot of the Whale Video as displayed on the Magic Leap
23 Website is attached as Exhibit A hereto.

24     12.    The Whale Video was created in 2015 and first published on October 15, 2015.

25     13.    On September 1, 2016, the United States Copyright Office issued to Magic Leap a
26 registration in and to the Whale Video, Reg. No. PA 1-998-416 (the "Registered Work"). A true and
27 correct copy of Magic Leap's registration certificate is attached as Exhibit B hereto.

28

14. Magic Leap is the exclusive owner of all right, title, and interest in and to the Registered Work.

15. Upon information and belief, Defendant maintains a YouTube account on which it posted, on October 26, 2015, a one-minute, 19-second video at https://www.youtube.com/watch?v=vZRFcGrrsyc. The video is entitled "Magic Leap create new incredible hologram. WOW! Augmented reality in HD" and features the Registered Work in its entirety followed by a slow-motion version of the Registered Work (the "Infringing Video"). A screen shot of the Infringing Video as posted by Defendant on YouTube is attached as Exhibit C hereto.

16. Defendant's publication of the Infringing Video is without permission or license.

17. Magic Leap never authorized Defendant to post or publish the Infringing Video.

18. In early 2016, shortly after it learned of the unauthorized publication of the Infringing Video, Magic Leap sent a request to YouTube asking that the Infringing Video be "taken down" or removed immediately pursuant to 17 U.S.C. § 512(c)(3), which is a provision of the Digital Millennium Copyright Act within Title 17.

19. As required under Section 512, YouTube removed the Infringing Video, and notified Defendant of his statutory right to provide a "counter-notification" if the removal was due to a mistake or misidentification of the material.

20. On or about February 16, 2016, Defendant, having received notice of Magic Leap's takedown request, sent an e-mail to Magic Leap, stating: "I'm sorry, my fault… I posted your video, slowing it down to 8 times… I'm sorry if I did something wrong. Please, I ask you to withdraw the complaint in the Content ID (YouTube)… I remove [sic] the video and I will never use it. Sprinkle ashes upon one's head." A true and correct copy of Defendant's February 16, 2016 e-mail (the "February 16 E-mail") is attached as Exhibit D.

21. However, notwithstanding the foregoing admission and apology, on March 15, 2016, Magic Leap received a copy of a counter-notification filed by Defendant pursuant to 17 U.S.C. § 512(g)(3), stating: "I have written several letters to the plaintiff, but did not get an answer from him. I swear, under penalty of perjury, that I have a good faith belief the material was removed due to a mistake or misidentification of the material to be removed or disabled. I consent to the jurisdiction of the

Federal District Court for the district in which my address is located, or if my address is outside of the United States, the judicial district in which YouTube is located, and will accept service of process from the claimant. Tusa Tuc Temp Av. Maipu 547, Ushuaia, Tierra del Fuego, Argentina Ushuia, Tierra del Fuego 9410 AR tusa.tuc.temp@gmail.com 02901 42-1117." A true and correct copy of the counter-notification received by Magic Leap is attached as Exhibit E. In other words, Defendant claimed that the material that was taken down should not have been taken down at all, and that it was improperly taken down "due to a mistake or misidentification of the material …"

22.     Defendant's counter-notification statement is false and constitutes a knowing and willful misrepresentation that there was a "mistake or misidentification," because, as Defendant stated in the February 16 E-mail, Defendant understood that he had no ownership of and no permission to use the Registered Work and that his possession and public display of it was illegal and in violation of Magic Leap's rights.

23.     Consequently, on or about March 24, 2016, Magic Leap sent a follow-up communication to YouTube in response to the counter-notification, citing to the admissions made in the February 16 E-mail. A true and correct copy of Magic Leap's March 24, 2016 e-mail communication to YouTube is attached as Exhibit F.

24.     However, upon information and belief, Defendant's false counter-notification resulted in YouTube reposting the Infringing Video.

25.     In a further effort to resolve the dispute over the Infringing Video without judicial intervention, outside counsel for Magic Leap sent Defendant another takedown request via e-mail on or about April 13, 2016, and engaged in follow-up correspondence with Defendant in the days following in hopes of reaching an amicable resolution to the parties' dispute. A true and correct copy of this e-mail correspondence is attached as Exhibit G.

26.     Notwithstanding these efforts, to date, Defendant has repeatedly refused to remove the Infringing Video from YouTube in response to Magic Leap's requests, necessitating the filing of this action to prevent additional continuing harm to Magic Leap.

## FIRST CAUSE OF ACTION

### (Copyright Infringement)

27. Magic Leap repeats and realleges each and every allegation contained in Paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28. Magic Leap's Registered Work constitutes copyrightable subject matter under the copyright laws of the United States. Magic Leap has established copyright in and to the Registered Work and is the exclusive owner of all right and title in U.S. Copyright Registration No. PA 1-998-416 for the Registered Work.

29. Upon information and belief, Defendant, without authorization, permission or license, reproduced, used, published, distributed, and/or otherwise exploited the Registered Work by posting a derivative work combining both the original Registered Work and a slow-motion version of the Registered Work on his YouTube account, which viewers can and do access within the State of California and elsewhere within the United States.

30. Defendant's reproduction, use, publication, distribution, and exploitation of the Registered Work is a violation of Magic Leap's exclusive rights to the original work of authorship in the Registered Work under 17 U.S.C. § 106, including but not limited to the exclusive right to make reproductions, display, and distribute copies to the public.

31. Magic Leap has notified Defendant that Defendant has infringed Magic Leap's copyright.

32. Upon information and belief, Defendant's actions and infringement are and have been willful, knowing, malicious, and in conscious disregard of Magic Leap's rights.

33. Defendant's actions and infringement of the Registered Work have caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to Magic Leap's property and business.

34. Magic Leap has no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Magic Leap prays that this Court enter an order and judgment in Magic Leap's favor and against Defendant:

(a) entering judgment that Defendant has infringed Magic Leap's copyrighted work;

1     (b)    permanently enjoining Defendant, and all persons in active concert or participation with Defendant, from further infringement of Magic Leap's copyrighted work pursuant to 17 U.S.C. § 502;

    (c)    ordering the impounding and destruction of all infringing copies reproduced, used, published, or distributed by Defendant in violation of Magic Leap's exclusive rights in and to Magic Leap's copyrighted work pursuant to 17 U.S.C. § 503;

    (d)    ordering Defendant to pay to Magic Leap its actual damages and any profits realized by Defendant pursuant to 17 U.S.C. § 504;

    (e)    entering judgment that Defendant's copyright infringement has been knowing and willful;

    (f)    awarding Magic Leap attorney fees and costs incurred in prosecuting this action pursuant to 17 U.S.C. § 512(f)(2) or otherwise; and

    (g)    awarding Magic Leap any other relief that this Court deems just and proper.

## JURY DEMAND

In accordance with Rules 38 and 39 of the Federal Rules of Civil Procedure, Plaintiff Magic Leap, Inc. asserts its right and demands a trial by jury on all issues triable by a jury.

DATED: January 19, 2017                Respectfully submitted,

                                        SEYFARTH SHAW LLP

                                        By:    */s/ Carrie P. Price*
                                                      Carrie P. Price
                                                      Edward F. Maluf*
                                                      Lauren M. Gregory*
                                                     *Applying for admission pro hac vice*

                                                      Attorneys for Plaintiff
                                                     MAGIC LEAP, INC.

36688418v.1